IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH TWAROG, *et al.*,      )
                              )
     Plaintiffs,          )
                              )
v.                            )   CIVIL ACTION NO. 2:05-CV-811-MHT
                              )
DONAL CAMPBELL,               )
                              )
     Defendant,           )
                              )

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Now pending before the court is the plaintiff's motion to dismiss (doc. #5, filed September 16, 2005). On consideration of the motion and for the following reasons, the court concludes that the motion is due to be denied.

The motion to dismiss is based on the fact that one of the defendants, Joseph Twarog, was a party in a similar action filed in 1997 (*Brown v. Haley*, Civil Action No. 2:97-CV-120). The defendant argues that the issues in this case are precluded by operation of *res judicata.*

Of the two plaintiffs in the earlier case, only Joseph Twarog filed as a plaintiff in this case.[1] In this action, on his own motion, the court has dismissed Mr. Twarog as a plaintiff. (doc. #26, filed April 6, 2006). A claim cannot be barred on the basis of *res judicata* unless "the parties, or those in privity with them, are identical in both suits." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). For the parties in both actions to be in privity, the

---

[1] The court denied the plaintiffs' motion for class certification in the earlier case.

litigants in the earlier action must have a "representative relationship" with the litigants in the later action. *Hann v. Carson*, 462 F. Supp. 854, 861 (M.D. Fla. 1978), *citing Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 329 n.19 (1955).   Here, the defendant has not shown a representative relationship (or any other relationship) between the plaintiffs in the earlier action and the remaining plaintiffs in this action.  Thus, the parties are not in privity, *res judicata* cannot apply, and the defendant's motion is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss be DENIED.

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 27, 2006.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of

the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of December, 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE