IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSEPH R. TWAROG, et al.,   )
                            )
    Plaintiffs,             )
                            )    CIVIL ACTION NO.
    v.                      )      2:05cv811-MHT
                            )         (WO)
RICHARD ALLEN, Commissioner,)
Department of Corrections,  )
                            )
    Defendant.              )
```

## OPINION AND ORDER

Upon consideration of the recommendation of the United States Magistrate Judge (doc. no. 51) and the objections filed by plaintiffs (doc. no. 55), and after an independent and de novo review of the record, it is the ORDERED as follows:

(1) The plaintiffs' objections (doc. no. 55) are overruled.

(2) The recommendation of the United States Magistrate Judge (doc. no. 51) is adopted.

(3) The plaintiffs' motion for class certification (doc. no. 44) is denied.

* * *

The court adds the following comments:

The court has determined that class certification should be denied on grounds narrower than those recommended by the magistrate judge.  The court agrees with the plaintiffs that their proposed definition of the class does not include inmates who <u>elect</u> to participate in the challenged substance-abuse programs.  The court further agrees with the plaintiffs that the commonality and adequacy-of-representation requirements for class certification are met.  Fed. R. Civ. P. 23(a)(2) & (4).[*]

However, because the named class representatives all reside at Easterling Correctional Facility and the putative class encompasses inmates state-wide, the named representatives are not typical of the class as a whole.

---

[*] The magistrate judge found that the numerosity requirement was met, and there was no objection. Fed. R. Civ. P. 23(a)(1).

The court therefore agrees with the magistrate judge that the plaintiffs do not meet the typicality requirement for class certification.  Fed. R. Civ. P. 23(a)(3).  See Cooper v. Southern Co., 390 F.3d 695, 715 (11th Cir. 2004) ("Because the plaintiffs asserted broad claims on behalf of a broad class, they were required to identify representative plaintiffs who shared those broad claims.").

The plaintiffs correctly note that the court may, in its discretion, redefine the class to meet the requirements of Rule 23.  5 James Wm. Moore, Moore's Federal Practice § 23.24[7] (3d ed. 2007).  In this case, however, the court agrees with the magistrate judge that redefining the class would not be proper.  Given that the plaintiffs allege unconstitutional conditions state-wide, they have an obligation to select typical class representatives rather than invite the court to narrow the definition of the class and needlessly limit the scope of the suit.

In sum, because the putative class does not meet the typicality requirement of Rule 23(a)(3) and because the court declines to redefine the class, the plaintiffs' motion for class certification is due to be denied.

DONE, this the 31st day of July, 2007.

                                          <u>/s/ Myron H. Thompson</u>
                                      UNITED STATES DISTRICT JUDGE